IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin L. Thomas,

    Plaintiff,

v.

Warden Norman Robinson,

    Defendant.

Case No. 3:18cv2794 JGC

**ORDER**

This is a habeas corpus proceeding in which on February 4, 2022 I denied and dismissed the Petitioner's petition. (Doc. 24); *Thomas v. Robinson*, 583 F. Supp. 3d 1027, 1029 (N.D. Ohio 2022), *certificate of appealability denied sub nom. Thomas v. Hildebrand*, 2022 WL 18960955 (6th Cir. Nov. 2, 2022). Now pending is the Petitioner's *pro se* Motion for Relief Under Fed. R. Civ. P. 60(b)(3) and (4). (Doc. 30). The Respondent Warden has filed a Response. (Doc. 31).

For the reason that follow, I deny the motion and decline to issue a certificate of appealability.

**Background**

On September 9, 2014, an Allen County, Ohio Deputy Sheriff—acting as a member of a Drug Interdiction Task Force—obtained a GPS tracking Warrant from a Franklin County, Ohio Judge. The Petitioner was at the time a resident of Franklin County. There is no dispute that the issuing Judge had jurisdiction to issue the GPS Warrant.

The Warrant included, *inter alia,* a provision that authorized its execution outside Franklin County; *i.e.,* Task Force members could use the GPS unit's transmission to determine the location of the Petitioner's vehicle wherever it went.

On October 15, 2015, more than thirteen months after the GPS Warrant issued, the Petitioner was arrested after a traffic stop. A drug detection dog altered on his car, and a search uncovered suspected heroin. The stop came after Officers had observed the Petitioner pick up an individual, whom Officers were then surveilling, at a Motel Six. The Officers followed the Petitioner and his passenger as they drove to a restaurant. They saw the Petitioner using two cell phones—indicia of drug trafficking. When Petitioner left, the Officers asked a marked patrol car to conduct a traffic stop. (*See* Doc. 19, pgID 1157 (citing *State v. Thomas*, 2017-Ohio-4356, ¶ 74 (Ct. App. 3d Dist.)).

Nothing in the record indicates that the GPS unit was still attached to the car, or if so, it was active, or that, even if installed and transmitting signals, the device and its signals played any role in the Petitioner's arrest and discovery of contraband.

The gravamen of the Petitioner's motion is that, because the issuing Judge had no jurisdiction outside Franklin County, the GPS Warrant's extraterritorial scope constituted a fraud *on this Court*. That, in his view, being so, I must vacate my dismissal of his habeas petition pursuant to Rule 60(b)(3). I decline to do so.

## Discussion.

There are multiple grounds for denying the Petitioner's motion.

First: There is no evidence that GPS tracking–derived evidence played any role in Petitioner's conviction and sentence.

Second: The alleged fraud was not on this Court, as Rule 60(b)(3) requires. Rather, the fraud, if any, was on the Allen County Common Pleas Court in which the Petitioner was prosecuted, convicted, and sentenced.

2

Third: Before presenting his claim here, as an adjunct to his habeas petition, Petitioner had to have exhausted his state court remedies. *See Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006).

Fourth: Assuming a state court remedy were available, he could not succeed on his claim because of his procedural default—his failure to raise his fraud contention in the Common Pleas Court. *See id.*; *Picard v. Connor,* 404 U.S. 270, 275–78 (1971).

Fifth: Even if Petitioner pursued State court remedies and thereafter returned here seeking habeas review, I would have to refer his petition to the Sixth Circuit for review to determine whether it was a Second or Successive Petition. 28 U.S.C. § 2244(b)(3)(A); *see also, e.g.*, *Jones v. Bradshaw*, 46 F.4th 459, 479 (6th Cir. 2022).

Sixth: Habeas relief is only available for violations of the U.S. Constitution. 28 U.S.C. § 2254; *see also Cook v. Watson*, 2022 WL 16551385, at *1 (6th Cir. Sept. 19, 2022) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).

The Fourth Amendment to the U.S. Constitution only requires a prior warrant to attach the GPS unit physically. *United States v. Jones*, 565 U.S. 400, 404 (2012). In *Jones*, the Supreme Court did not recognize any constitutional issue with the active monitoring of location information from a GPS or similar device, consistent with its rulings in *United States v. Knotts*, 460 U.S. 276 (1983), and *United States v. Karo*, 468 U.S. 705 (1984). *See Jones, supra*, 565 U.S. at 411. The issue there was physical trespass. *Id.* at 404–05 ("The Government physically occupied private property for the purpose of obtaining information. We have no doubt that such a

3

physical intrusion would have been considered a 'search' within the meaning of the Fourth Amendment when it was adopted.").

*Jones* affirmed the suppression of evidence obtained from a GPS tracker that was physically placed *without a warrant*. *Id.* at 414. That is not the case here. Officers obtained a valid warrant for the "search"—*i.e.*, the trespass of physically placing the GPS tracker on Petitioner's car. Once the tracker was in place, the monitoring of Petitioner's public movements, as in *Knotts* and *Karo*, was not a "search" and therefore "of no Fourth Amendment significance." *See id.* at 411. *But see Carpenter v. United States*, 138 S. Ct. 2206, 2218 (2018) ("[H]istorical cell-site records present even greater privacy concerns than the GPS monitoring of a vehicle we considered in *Jones*. Unlike . . . the car in *Jones,* a cell phone—almost a feature of human anatomy—tracks nearly exactly the movements of its owner.") (cleaned up).

Thus, judicial approval of extraterritorial monitoring, through a validly issued warrant supported by probable cause, does not violate the Fourth Amendment. *See Jones, supra*, 565 U.S. at 412 ("[A] person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.") (quoting *Knotts, supra*, 460 U.S. at 281); 18 U.S.C. § 3117(a) ("If a court is empowered to issue a warrant or other order for the installation of a mobile tracking device, such order may authorize the use of that device within the jurisdiction of the court, and outside that jurisdiction if the device is installed in that jurisdiction."); *cf.* Carr & Bellia, 1 Law of Electronic Surveillance § 4:103 (2022) (discussing the extraterritorial installation and monitoring of phone call tracking devices anywhere in the United States).[1]

---

[1] I note, moreover, that it would make no sense to require a court to do more than the Franklin County Court did in this case—namely, to authorize expressly extraterritorial monitoring based on the probable cause showing. To require otherwise would mean that officers would have to

**Conclusion**

For the foregoing reasons, I conclude that there was absolutely nothing unlawful or fraudulent in the issuance of the September 9, 2014 GPS Warrant—even if it somehow played a role, which it did not, in the Petitioner's October 15, 2015 stop, arrest, and ensuing conviction.

It is, accordingly, hereby

ORDERED THAT

1. Petitioner's motion for relief under Rule 60(b) be, and the same hereby is, denied.

2. An appeal from this decision could not be taken in good faith and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

anticipate a subject's future course of travel and require them, in advance, to obtain surveillance authority from every potential jurisdiction through which the vehicle might possibly pass through. The evaluation and grant of extraterritorial monitoring authority in the Franklin County order gave the Petitioner all the protection against unreasonable searches that the Fourth Amendment commands.