# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **MARVIN L. THOMAS,** | CASE NO. 3:18 CV 2794 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN NORMAN ROBINSON,** | |
| Respondent. | **ORDER** |

Currently pending before the Court[1] is Petitioner Marvin L. Thomas's Motion for Relief from Judgment. (Doc. 33).

By way of brief background, Petitioner brought a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on December 3, 2018. (Doc. 1). On February 4, 2022, Judge Carr denied and dismissed that Petition. (Doc. 24). Therein, Judge Carr concluded, *inter alia*, that Petitioner's Fourth Amendment claim was not cognizable in this habeas proceeding because, in accordance with *Stone v. Powell*, 428 U.S. 465 (1976), Petitioner had a full and fair opportunity to litigate that claim in the underlying state court proceeding. *Id.* at 6-8. Petitioner appealed, and the Sixth Circuit Court of Appeals denied a certificate of appealability. (Doc. 29). Therein, the court found "reasonable jurists would not debate the district court's conclusion that federal habeas review of Thomas's fourth claim was barred by *Powell*." *Id.* at 7.

---

1. This case was originally assigned to now-inactive Senior Judge James G. Carr. It was reassigned to the undersigned upon the filing of the present Motion.

Petitioner now moves for relief from judgment, citing Federal Civil Rules 60(b)(1) and (b)(6). (Doc. 33). He contends he did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court and this Court committed "[l]egal error in applying the Stone v. Powel[l] standard." *Id.* at 4. Petitioner's Motion is denied.

Federal Civil Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for," among other reasons:  "(1) mistake, inadvertence, surprise, or excusable neglect;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Subsection (c) of the same rule provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner's Motion is untimely. Judgment was entered in this case on February 4, 2022 (Doc. 24), and the Sixth Circuit denied a certificate of appealability on November 3, 2022 (Doc. 29).  Petitioner filed a previous Motion for Relief from Judgment on different grounds on February 3, 2023 (Doc. 30), which the Court denied on April 10, 2023 (Doc. 32). The present Motion was filed over *four* years after judgment was entered in this case. This is not within the one year time limitation for a motion relying on Federal Civil Rule 60(b)(1), nor is it within a "reasonable time" for a motion relying on Federal Civil Rule 60(b)(6). Reasonableness is a "fact-specific determination" evaluated "by considering a petitioner's diligence in seeking relief." *Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018). Petitioner provides no explanation for his delay.

Moreover, even if not untimely, Petitioner's Motion would still be denied. Petitioner simply presents disagreement with the Court's 2022 decision regarding his Petition. This is not a basis for relief from judgment.

For the foregoing reasons, good cause appearing, it is

2

ORDERED that Petitioner's Motion for Relief From Judgment (Doc. 33) be, and the same hereby is, DENIED.

  s/ *James R. Knepp II*         
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2026